# King *versus* Thompson and Wife.

1. The temporary inability of the husband to support his wife, by reason of sickness, does not bring the wife within the protection of the Act of May 4th 1855, so as to entitle her to the privileges of a *feme sole* trader. There must be a desertion or a neglect or refusal on the part of the husband, something that involves the wilful non-performance of a duty on his part.

2. Where suit is brought by husband and wife, in right of the wife for injuries sustained by the latter by reason of the alleged negligence of the defendant, no recovery can be had for any loss the husband may have sustained and for which he alone could bring suit, or for expenses for which he alone was liable. If by reason of the accident the earning power of the wife is diminished, the loss in a legal sense is the loss of the husband.

3. An opening in the sidewalk, such as is usual in a city for the purpose of light and ventilation to a dwelling, is not *per se* a nuisance.

4. Where a person during the evening stepped into such an opening, while passing along a sidewalk of the usual width, lighted by street lamps, and there was also a light immediately over the opening, there was evidence of contributory negligence, and it was error not to submit it to the jury.

| | |
|---|---|
| 87 | 365 |
| 102 | 170 |
| 87 | 365 |
| 137 | 45 |
| 87 | 365 |
| 150 | 615 |
| 87 | 365 |
| 154 | 446 |
| 87 | 365 |
| 166 | 589 |
| 87 | 365 |
| 181 | 275 |
| 87 | 365 |
| 188 | 616 |
| 87 | 365 |
| e202 | 309 |
| 87 | 365 |
| 20 SC | 469 |
| 87 | 365 |
| 205 | 179 |
| 87 | 365 |
| j 26 SC | 187 |
| 87 | 365 |
| 30 SC | 205 |
| 87 | 365 |
| 227 | 505 |

[King *v.* Thompson *et ux.*]

5. Where the facts are ascertained the court may pass upon the question of negligence as a matter of law. Hoag *v.* Lake Shore & Michigan Southern Railroad Co., 4 Norris 293, followed.

6. Where the court below refused to submit a point as presented, this court will assume the jury would have found the facts as stated in the point.

October 10th 1878. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Trunkey, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1878, No. 79.

Case by John Thompson and Elizabeth his wife, in right of said Elizabeth, against Robert H. King, to recover damages for injuries sustained by her from falling into an opening in the sidewalk, at a cellar window of a building of the defendant, on Liberty street, in the city of Allegheny. The opening in the sidewalk was for the purpose of light and ventilation, and was also used for taking in coal. It was about fifteen inches in width, three feet in length and projected from the wall of the house about sixteen inches. It was several feet deep and did not appear to have any cover or guard. Such openings are customary for the like buildings in the city of Allegheny. Mrs. Thompson the plaintiff, a washerwoman, on the evening of the accident was carrying home, assisted by her son, a small lad, a basket of clothes. Mrs. Thompson was on the inside, and in passing the house of the defendant stepped into the above-described opening and thereby received a serious injury. The street was lighted as usual, and there was also a light in a window immediately over the opening.

At the trial, before Ewing, P. J., the plaintiffs offered to prove by Mrs. Thompson, the length of time she was unable to work and the expense to which she was subjected from the injury caused by the accident, to be followed by evidence, that for some time prior to the injury the husband of witness had been in bad health and she had been obliged to support herself and family. Admitted under objection. First assignment of error.

Also, to prove the amount of the physician's bill, and that Mrs. Thompson herself employed him, and was liable personally to pay the bill. Admitted under objection. Second assignment.

The fifth point of the plaintiffs, and the answer of the court thereto, were as follows:

If the jury should be of the opinion that plaintiffs are entitled to recover, they may allow the expenses of the care, including medical attendance and nursing, compensation for the physical and mental suffering caused by the injury, for the loss of time, and for any permanent or continuing reduction of power to earn money.

Ans. "The point is affirmed. If the jury find that prior to the accident Mrs. Thompson had been supporting herself by her own earnings, and that she contracted for her nursing and attendance of physician, otherwise it is refused, except as affirmed in the general charge." Fourth assignment.

[King v. Thompson *et ux.*]

The defendant's second and fourth points and the answers thereto were as follows:

2. If the jury find that the area in front of the cellar window was such as was usual and customary in the City of Allegheny for lighting and ventilating cellars, and reasonably necessary for those purposes, then the defendant is not guilty of negligence or nuisance in maintaining it.

Ans. "Refused."

4. If the sidewalk was ten feet wide, and there was a paved space, seven or eight feet wide, between the curb and trees on one side and the cellar window opening or area on the other side, whereon persons using the sidewalk could pass with ease and safety, and that the way was lighted by a lamp in the window immediately at the opening and by gas lamps in the street, sufficient to enable the plaintiff to have avoided the accident of which she complains, then she is guilty of negligence and cannot recover.

Ans. "The fourth point is refused, with the explanation that to entitle her to recover for loss of time and nursing and doctor's bill, the jury must be satisfied that the plaintiff, prior to the accident, was supporting herself from her own wages, and that she is personally liable for the doctor's bill."

The answers to these points constituted the fifth and sixth assignments.

The verdict was for the plaintiffs for $2319.75. Defendant asked for a new trial, which the court refused, but required the plaintiff to reduce the verdict to $1200, and judgment was entered for that amount. The defendant then took this writ, and, among others, assigned the foregoing errors.

*A. M. Brown*, for plaintiff in error.—There was not sufficient evidence of the suspension of the marital rights of the husband to relieve the wife of marital disabilities. Mrs. Thompson had no claim to the *status* of a *feme sole*.

In refusing his fourth point the defendant was debarred of his defence of contributory negligence: Waters v. Wing, 9 P. F. Smith 211.

*George W. Guthrie*, for defendants in error.—Mrs. Thompson was entitled to the privileges of a *feme sole* trader under the provisions of the Act of May 4th 1855, and to enable her to claim them no decree was necessary: Black v. Tricker, 9 P. F. Smith 13. Whether this opening was lawful was a question for the jury. No one can use a public street so as to make it insecure or hazardous: Shearman and Redfield on Negligence, sect. 383; Dillon on Municipal Corporations, sect. 794; Stewart v. Alcorn, 2 W. N. C. 401. A similar nuisance maintained by others does not make this one lawful: Appeal of the City of Philadelphia, 28 P. F. Smith 39.

[King *v.* Thompson *et ux.*]

Mr. Justice Paxson delivered the opinion of the court, October 21st 1878.

This was an action on the case brought by the defendants in error, John Thompson and Elizabeth, his wife, in right of said Elizabeth, to recover damages for alleged injuries to the wife, caused by her falling into a cellar window opening of a building on Liberty street, Allegheny City. The plaintiff in error, Robert H. King, was the owner of the premises where the accident occurred. There was an opening in the sidewalk at the cellar window of the house, for the purpose of light and ventilation, which was used for taking in coal. This opening was about fifteen inches in width and less than three feet in length, thus projecting into the pavement from the front wall of the house fifteen or sixteen inches. The opening appeared to have been of the usual character for like buildings in the city.

Upon the trial of the case in the court below the plaintiff (Mrs. Thompson) was permitted to testify, against the objection of the defendant, as to the length of time she was unable to work from the injury caused by the accident, and the expense to which she was subjected; also the amount of the physician's bill for medical attendance; that she had employed the physician herself; to be followed by evidence that her husband had been in bad health, and that she had been obliged to support herself and family. The admission of this evidence forms the subject of the first and second specifications of error. The fourth, alleging error in the answer of the court to the plaintiff's fifth point, raises the same question. These three specifications may be considered together.

As this suit was brought for the use of the wife, it is manifest no recovery can be had for any loss the husband may have sustained, and for which he alone could bring suit. It is equally clear that the husband is entitled to the earnings of his wife, and is liable for her support and maintenance. If, by reason of the accident, the earning power of the wife was diminished, the loss, in a legal sense, is the loss of the husband. If physicians' bills, medicines and expenses of nursing were incurred, the husband would be liable for their payment. This is the general rule. The exception is where the wife has been declared a *feme sole* trader, under the Act of 22d February 1718, 1 Sm. Laws 99; Purd. Dig. 692, pl. 1, or the Act of 4th May 1855, Pamph. L. 430, Purd. Dig. 692, pl. 5, or is entitled to claim the immunities of a *feme sole* trader under said acts by reason of the causes enumerated therein. There was nothing in the case to bring Mrs. Thompson within the protection of either Act of Assembly. We have nothing but the offer to show that for some time prior to the injury her husband had been in bad health, and that she had been obliged to support herself and family. The evidence in support of the offer was not printed in the paper-book. Assuming the offer to have been fully sustained, it does not come up

[King v. Thompson et ux.]

to the requirements of the Act of 1855. Its language is: "Whensoever any husband, from drunkenness, profligacy or other cause, shall neglect or refuse to provide for his wife, or shall desert her, she shall have all the rights and privileges secured to a *feme sole* trader, under the Act of 22d of February 1718." It requires something more than mere temporary inability, by reason of sickness of the husband, to support his wife, to bring the wife within the protection of this act. There must be a desertion or a neglect or refusal on the part of the husband—something that involves the wilful non-performance of a duty on his part.

The fifth specification alleges that the court erred in not instructing the jury as requested in the defendant's second point, which was as follows : " If the jury find that the area in front of the cellar window was such as was usual and customary in the city of Allegheny for lighting and ventilating cellars, and reasonably necessary for those purposes, then the defendant is not guilty of negligence or nuisance in maintaining it." This point ought to have been affirmed. If the opening was merely the usual and customary opening of cellar windows in Allegheny, and was reasonably necessary for the purposes of light and ventilation, it certainly could not be held to be a nuisance; nor could it fairly be said that the owner was guilty of negligence in maintaining it. We must take a reasonable view of this question. If it has been customary time out of mind for property-holders in Allegheny to have such openings, it involves a tacit assent on the part of the municipal authorities, as well as a general acquiescence on the part of the public. More than this, if such openings exist at nearly every house, such fact must have been known to this plaintiff as well as others. And if reasonably necessary for light and ventilation, the property-owner is not chargeable with negligence for placing and keeping it there. The jury might have found against the custom, and that the opening was not necessary for the purposes indicated. But the question should have been submitted to them, and it was error not to affirm the point.

The defendant's fourth point called upon the court to instruct the jury that, " If the sidewalk was ten feet wide, and there was a paved space seven or eight feet wide between the curb and trees on one side, and the cellar window opening or area on the other side, whereon persons using the sidewalk could pass with ease and safety, and that the way was lighted by a lamp in the window immediately at the opening, and by gas lamps in the street, sufficient to enable the plaintiff to have avoided the accident of which she complains, then she was guilty of negligence, and cannot recover." The court having refused to charge as thus requested, we must assume the jury would have found the facts as stated in the point. It has been held in a number of cases, the most recent of which is Hoag v. The Lake Shore & Michigan Southern Railroad Co., 4 Norris 293, that where the facts are ascertained the court may pass

[King *v.* Thompson *et ux.*]

upon the question of negligence as a matter of law.   What are the facts here?   A sidewalk ten feet wide ; a paved space from seven to eight feet wide between the curb and trees on the one side and the opening at the cellar window on the other; the street lighted by a lamp in the window, and gas lamps in the street sufficient to have enabled the plaintiff to avoid the accident.   It is really difficult to see how the plaintiff succeeded in getting into the hole.   The testimony does not enlighten us.   It must be borne in mind that the opening came out only about sixteen inches from the cellar wall.   In order to fall in the plaintiff must have walked so close to the house as to touch it with her dress.   She was also within the line of the door-steps, which usually project twice the distance into the sidewalk that the opening did.   No prudent person walks within sixteen inches of the houses when passing over the sidewalks of a city.   It cannot be done without peril.   Even where a street is dimly lighted the line of the houses is always visible.   It is proper enough to hold owners of property to a reasonable care over it; yet, at the same time, persons using public streets ought also to exercise some little caution.   Without it, there is hardly a street in Allegheny or Pittsburgh where, by reason of some slight inequality in the pavement, a trifling hole, or a loose stone, the passer-by may not fall and sustain injury.   The defendant's fourth point ought to have been affirmed without qualification.

The judgment is reversed, and a *venire facias de novo* awarded.

GORDON and TRUNKEY, JJ.—Believing the fourth point was well refused, we dissent from so much of this opinion as reverses the court on that point.