# Nancy Stewart and Walter Stewart, husband and wife, *v.* J. G. Jermon, Appellant.

*Negligence—Defect in sidewalk—Unusual crowd.*

Where the proprietor of a theatre invites an unusual crowd to occupy the footway in front of his place of entertainment he has reason to expect and prepare for an excessive use thereof and is bound therefore to greater precaution and owes a duty to the persons attending his theatre and those passing along the footway to see that they are not injured through any lack of care on his part of the property upon which they were permitted to go.

*Question for jury—Negligence—Unusual crowd—Defective grating.*

The pavement in front of a property occupied by defendant's theatre being crowded by the way-going audience, a foot passenger stepping towards the house line to avoid the crowd stood upon the grating of a cellar doorway where her foot went through the grating and she suffered injury by reason thereof. *Held,* that the question of the defendant's negligence was for the jury.

Argued Oct. 6, 1897. Appeal, No. 47, Oct. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1895, No. 887, on verdict for plaintiffs. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass for personal injuries.

The following facts appear from the testimony furnished on petition for reargument: J. G. Jermon, the defendant, was the lessee of the Lyceum Theatre. On the evening of Saturday, September 1, 1894, the plaintiff, Nancy Stewart, with her husband and a party of friends had been attending the Bijou Theatre, on Eighth street below Vine. Coming out of the latter theatre, about half past ten, the party went up Eighth street to Vine and turned east on the south side of Vine street, going towards the Lyceum Theatre. In the meantime the plaintiff, Walter Stewart, the husband of Nancy Stewart, had turned back to purchase some fruit. As the party approached the Lyceum Theatre, the Lyceum was letting out, and a crowd of people was coming towards the plaintiffs' party. In order to avoid the crowd, but not being jostled or compelled by the crowd, Nancy Stewart,

stepped up and upon the cellar doorway of the defendant. It happened that the folding doors were open and the plaintiff stood upon a grating, which covered the cellar doorway. The plaintiff stepped or stood upon this grating, stepping towards the house line, and as she did so her left foot went through the grating, and she suffered injury by reason thereof. The appellee noticed that the bar of the grating where she went through was bent or broken.

The cellar doorway is an inclined doorway, with stone sides or coping covered by two solid iron folding doors and further secured by an iron grating fitting into the stone sides, the bars on the grating being from one and one half inches to two inches apart. The cellar doorway projects from the house wall to the end of the cellar door a distance of three feet and ten and three fourths inches. It is eight feet from the end of the cellar door to the curb. The height of the cellar door at the wall or house line is four and one half inches.

The cellar door is directly under the bulk window of a tailor store, which window covered the cellar door from the wall, a distance of one foot and five and one fourth inches. The cellar door projected from the end of the bulk window two feet, five and one half inches. The appellee, Nancy Stewart, was close up to the bulk window, when her foot and limb went through. The bulk window is lighted up at night with an electric arc light directly above the cellar door and electric lights at the entrance to the theatre. It is almost as light as day about and at the cellar doorway. From the theatre door to the cellar door the distance is six feet and eleven and one fourth inches. The cellar doorway was in the same condition on the night of Saturday, September 1, 1894, the date of the accident, as when the premises came into possession of the appellant as lessee several years before, and so remained until about a year thereafter.

The cellar doorway was used for the purpose of taking in and out stage properties and packages.

Verdict and judgment for plaintiff for $488.55. Defendant appealed.

*Errors assigned* were (1) The charge of the court as follows: " The true test is this, had he (i. e. the defendant) so arranged that place, had he (i. e. the defendant) so maintained that par-

.ticular part of the pavement that there was no risk to be antici-
.pated by him (i. e. the defendant) to those who were using the
footway in the manner in which they had a right to do, so using
it in such a way as he was bound to expect and anticipate that
they would use it." (2) The instruction of the court upon the
following point submitted by the plaintiff: "If the jury find
from the evidence that Mrs. Stewart's leg was injured by being
thrust between the bars of a grating covering a cellar window
used by the defendant in the conduct of his business and that
the said window was provided with doors and other covering,
then it was the duty of the defendant to keep those doors closed
except when he or his servants were actually using the said
window, if therefore, on the night of September 1, 1894, at the
time of the accident to Mrs. Stewart the cellar doors of the de-
fendant were left open, it was negligence on the part of the
defendant for which he is responsible. A. I cannot affirm that
point in the way in which it is stated. It depends upon what
I have said to you with regard to the character of the duty of
the defendant. If that cellar door projected, as I am inclined
to think myself it did, so far into the pavement as made it the
duty of the defendant to see that it was properly guarded and
protected in the interest of those using the footway, then it was
the duty of the defendant to guard it in that way, either by
keeping the doors closed, or by having something else there in
the way, perhaps, a sufficient grating, which would be a suffi-
cient protection to those who were using the highway." (3) The
instruction of the learned court upon the following point sub-
mitted by the plaintiff: "It is negligence not to make use of
appliances, which if used would have prevented an accident,
which might reasonably have been foreseen. It is the duty of
one who is bound to exercise care towards others, as the defend-
ant was in this case under certain circumstances, to make use
of reasonable appliances, whether they exist or whether they
do not—to cause them to exist if they do not—for the purpose
of. preventing an accident, which might have been reasonably
foreseen. A. I cannot say to you that it was his duty to use
any particular appliances, but something of the sort, one who
is bound to exercise care for the protection of others is in
duty bound to provide." (4) The instruction of the learned
court upon the following point submitted by the plaintiff:

"As the defendant conducted a theater and by means of advertisements and otherwise, invited crowds of people to come to the same, he was bound to foresee that one effect of the crowd coming into the street at the conclusion of his performances might be to compel people, especially women, to move towards the house side of the street, and he was therefore guilty of negligence if he maintained an unsafe grating on that side, or did not use a cover therefor at the time of the dismissal of his audiences and by reason thereof Mrs. Stewart was hurt. *Answer:* I think undoubtedly the defendant was bound to foresee that there might be a crowd there, and that the effect of the crowd would be to induce persons to move over to one side or other of the pavement, and if this cellar door extended so far into the foot pavement as to make it his duty to protect it in some way, as I have already said to you, it seems to me he was bound to maintain a proper covering there, and if he maintained an unsafe covering and the plaintiff's injury resulted from that, without any fault of her own, then she is entitled to a verdict." (5) The instruction of the learned court upon the following point submitted by the plaintiff: "If the jury find that the condition of the grating was such that owing to the bars being too wide apart, or the grating being improperly secured, Mrs. Stewart's leg was thrust through and she was thereby injured, the defendant was guilty of negligence for which he is responsible to the plaintiff. *Answer:* I am asked in these points to cover over and over again what I have already stated to you in an orderly and continuous way. I think that if for any reason, because these bars were allowed to remain too far apart that covering was an unsafe covering, and the defendant was bound to keep it safe, and Mrs. Stewart got her injury in that way without any fault of hers, she is entitled to recover." (6) The instruction of the learned court upon the following point submitted by the defendant: "If the sidewalk was ten feet wide and there was a paved space seven or eight feet wide between the curb on one side and the cellar window opening or area on the other side whereon persons using the sidewalk could pass with ease and safety, and that the way was lighted by a lamp in the window immediately at the opening and by electric arc lights in the street sufficient to enable the plaintiff to have avoided the accident of which she complains, then she was guilty of

negligence and cannot recover. *Answer:* All that I have to say to you in regard to that is this : That if the conditions existing there, the lighting of the street and all that, were such as ought to have shown to this lady the defect in the highway which she alleges existed, so that she ought not to have got her foot and leg into it with the exercise of reasonable care, she was guilty of negligence and cannot recover. I have already explained to you in my general charge all that I need say upon that point." (7) The refusal of the learned court to instruct the jury upon the following point submitted by the defendant: " That the plaintiff in claiming in her statement that ' the injury of said Nancy Stewart (resulted) through the negligence of the defendant in leaving uncovered the grating aforesaid and in having the grating in such a condition that it did not afford a footway to passengers on the highway,' is an untrue statement of the law, inasmuch as it was not the duty of the defendant to have the grating in such a condition that it would afford a footway to passengers on the highway." (8) The refusal of the learned court to instruct the jury upon the following point submitted by the defendant: " That it was negligence on the part of the plaintiff to stand on the grating or to use it as a footway." (9) The refusal of the learned court to instruct the jury upon the following point submitted by the defendant: " When the plaintiff alleged in her statement that ' the entrance to the cellar covered with a grating and the grating covered by two folding doors, the said opening being in the pavement and practically on a level with the same,' the plaintiff alleged what she has not proved by the evidence, which shows that the cellar door was on an incline rising to eight inches and no part of the footway whatsoever, and therefore when the plaintiff alleges that ' it was the duty of the said defendant as lessee of the premises and as controling the same to keep this opening at all times securely covered so that passengers upon the highway might pass thereover in the use of ordinary care without risk or danger to themselves, and if at any time the said covers at the opening should be removed for the purposes of the defendant's business it was then his duty to securely guard the approaches to the opening or to warn passengers on the highway of the fact that it was open ' is an untrue statement of the law, inasmuch as said cellar doorway

was no part of the footway and passengers upon the highway had no right to use it as a part of the highway, and therefore the allegation not agreeing with the proved facts in the case your verdict must be for the defendant." (10) The refusal of the learned court to instruct the jury upon the following point submitted by the defendant: "The testimony having shown that the cellar doors when closed were perfectly safe and secure, and the grating underneath the said cellar doors being there simply to furnish a rest or foundation for the said doors and not at all as a part of the highway, and the place being brilliantly lighted and the plaintiff having noticed that the doors were opened and not being pushed or impelled by the crowd but voluntarily removing herself to the said grating when there were other means and ways by which she could have avoided the crowd. Although she said it was so dark that she could not see things at her feet on account of the crowd, yet she was able to perceive before putting her foot through the grating that the bars were bent, it was therefore negligence and faulty upon her part to stand upon the said grating, said grating being not for that purpose but merely to hold up the cellar doors, and cellar doors being open conspicuously to view, and the said grating being there for the purpose of holding up said doors when closed and not for the purpose of being stood upon when said doors were open, and said cellar doorway being no part of the highway but elevated above the same she had no business to be there and she cannot recover, although the bars of the grating may have been bent, and your verdict must be for the defendant." (11) The refusal of the learned court to instruct the jury upon the following point submitted by the defendant: "The evidence shows that the landlord, who maintained the original structure and not the present lessee to whom it was transferred in the same condition as in September 1, 1894, is responsible and not the defendant." (12) The refusal of the learned court to instruct the jury upon the following point submitted by the defendant: "That under all the evidence your verdict must be for the defendant." (13) The instruction of the learned court throughout his charge to the jury to the effect that the defendant's cellar doorway was a part of the highway or footway, and as such defendant's standard of duty was to maintain said cellar doorway in such condition that it could be:

used freely as a part of the footway by passengers upon the footway, and if not so maintained that it was negligence upon defendant's part and by the failure to so maintain it became per se a nuisance.

*Louis Paul Brenan*, with him *J. Frederick Hartmann*, for appellant.—The evidence in this case presents a state of facts without contradiction and it was the duty of the court to pass on the question of negligence : Hoag v. Railroad Co., 85 Pa. 293 , King v. Thompson, 87 Pa. 365.

The plaintiff was guilty of contributory negligence : Stackhouse v. Vendig, 166 Pa. 582.   See also Robb v. Borough, 137 Pa. 42, and Barnes v. Sowden, 119 Pa. 53.

*Henry Budd*, for appellees.—The authorities cited by the appellant do not cover the case.   In neither was there the element of an extraordinary danger; or, if you will, the increase of the ordinary danger from an opening, brought about by the action of the defendant, distinct and apart from the mere maintenance of the opening.   Besides this, in King v. Thompson, 87 Pa. 365, which has since been explained in McNerney v. City of Reading, 150 Pa. 611, the opening extended into the sidewalk only about sixteen inches, a fact dwelt on by the court in its opinion, and Stackhouse v. Vendig, 166 Pa. 582, rested largely upon an ordinance not in evidence in this case, and which contained terms which it did not appear had been complied with in this case.   Besides which, Stackhouse's case was that of a man walking in broad daylight into an obstruction.

But whether the court is prepared to say, as we think it should, that there was a positive duty on the part of the defendant to keep that part of the highway, to which he knew people might be driven by the crowds attracted by himself, safe and fit for the use of passers-by, and to keep an opening therein firmly and securely covered, except while in actual use, or not, still the learned court below did not err in submitting the question of the defendant's negligence to the jury, for when the duty of a party is not determined by a fixed rule, but depends upon the facts and circumstances apparent at the trial, the question must be submitted to the jury : Schum v. Penna. R. Co., 107

Pa. 8 ; Penna. R. Co. v. Coon, 111 Pa. 430 ; Penna. R. Co. v. Peters, 116 Pa. 206 ; Delaware & R. Co. v. Jones, 128 Pa. 308.

As to the argument that Mrs. Stewart was guilty of conduct which should have been declared by the court contributory negligence, the facts are these, a woman, whose home is in a distant part of the city, going along a street, meets a crowd coming out of a theatre into the street, lighted if you will but the pavement hidden to the extent that a pavement generally is by a crowd, to avoid being jostled or swept along, she moves toward the house, steps on a grating, which she does not see on account of the crowd and which is in such condition that she is injured, can anyone say, as matter of law that she is negligent?

It is submitted that his honor did not err when he left the question of negligence to the jury.

OPINION BY PORTER, J., October 18, 1897 :

The paper-book of the appellant is defective. Neither the charge of the court nor the notes of testimony are furnished. The facts seemed to be practically agreed upon as appears by the statements of the parties, and upon them as they thus appeared the case is disposed of. The plaintiff with her husband attended the theatre of the defendant on the evening of September 1, 1894. Passing out of the theatre there was the usual crowd of patrons. To avoid this crowd the plaintiff pressed close to the house line where she trod upon an iron grating covering a cellar window or door on the defendant's premises. This iron grating was in such a condition that the plaintiff's leg slipped through and she was injured. The case was submitted to the jury and a verdict was rendered in her favor. The sole question, as the case has been presented to this court, is whether there should have been instructions to the jury to find for the defendant.

On the facts thus stated, there can be no need of discussing the doctrine of King v. Thompson, 87 Pa. 365, and of Stackhouse v. Vendig, 166 Pa. 582. These authorities leave no doubt as to the law respecting the duties of owners of property in the maintenance of the footway and of persons using the footways, under ordinary circumstances. Here the defendant invited an unusual crowd. He had reason to prepare for an unusual and excessive use of his footway. He was bound there-

fore to take the greater precaution. He owed a duty to the persons attending his theatre to see that they were not injured through any lack of care on his part of the property upon which they were invited.

We think this statement of facts presents a different case from the authorities cited by the appellant. It was clearly a question of negligence to be passed on by a jury. We find no good reason to disturb the verdict and the judgment of the court below is affirmed.

A motion for reargument made in the above case was refused in the following opinion:

PER CURIAM, October 22, 1897:

The consideration of this cause might well have been refused by this court by reason of the clear violation of its rules in the preparation of the appellant's paper-book. A mistake of fact may easily occur where the court is furnished with neither the charge of the court below nor with a copy of the testimony. An examination of the testimony (furnished since the petition for reargument) has not changed the conclusions heretofore announced. The fact that the plaintiff had not attended the defendant's theatre but another in the vicinity does not relieve the defendant from the duty of keeping his footway in a safe condition for use incident to a place of public entertainment where crowds of people are expected to collect, pass and repass.

The matter alleged in support of the motion for reargument is so immaterial as to be unworthy of further consideration.

The motion for a reargument is refused.