# Commonwealth ex rel., Appellant, *v.* First National Bank of West Newton.

207    255
d 30 SC   205

*Municipalities—Boroughs—Encroachment on sidewalk—Street.*

On a bill in equity to restrain encroachment on a sidewalk, it appeared that a bank in erecting its bank building on a corner of a main street of the borough, proposed to take along the side street for the purposes of an area a strip of ground forty-two feet in length, two feet nine inches in width, and five feet two inches in depth, and also a shorter strip of the sidewalk for the approaches and steps into the second story of the building of a width of about three feet. The side street was about forty feet wide, having a sidewalk about seven feet wide. The evidence showed that there was no municipal regulation as to encroachment on sidewalks, and it appeared that throughout the borough there were many encroachments on streets for area ways, cellar doors, steps, porches and verandas. It also appeared that the bank building was the most costly building in the borough, and that a former owner of the lot had an area way which encroached

on the street. The lower court dismissed the bill on the ground that in the absence of municipal regulation lot owners might for purposes of necessity, ornament or convenience, partially obstruct a highway in a reasonable manner, so as not to prevent the use of the highway by the public, and that the encroachment in this case was not unreasonable. The Supreme Court being equally divided in opinion, the judgment was affirmed.

Argued Oct. 13, 1903. Appeal, No. 118, Oct. T., 1903, by plaintiff, from decree of C. P. Westmoreland Co., equity docket, No. 422, dismissing bill in equity in case of Commonwealth ex rel. John P. Elkin, Attorney General, v. First National Bank of West Newton. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

The court filed the following opinion :

### FINDINGS OF FACT.

1. That the borough of West Newton is a municipal corporation, duly organized and existing under the laws of the state of Pennsylvania, and located in the county of Westmoreland, with streets and alleys laid out and duly dedicated for public use, two of which streets in said borough are known as Main street and Second street.

2. The defendant, the First National Bank of West Newton, is a corporation, and is the owner of a certain lot of ground at the corner of said Main and Second streets, having a frontage on Main street of forty-two feet and extending back along said Second street the same width as in front, 100 feet, more or less, to a private alley ; and the said First National Bank has entered into a contract with the Charleroi Lumber Company and W. S. Garrett, its superintendent, the other defendants in this case, to erect a bank building on said lot of ground, the said building to occupy all of said lot; and the said Second street, where the said building is to be erected, having a width of 40.83 feet.

3. The said defendants, in the erection of said bank building, having excavated an area way outside of the property lines of said First National Bank along said Second street,

commencing thirty-six feet back from Main street and extending along said Second street thirty-nine feet and upwards, having a depth of five feet two inches and being two feet nine inches from the property lines of said First National Bank into said Second street, thus taking into its actual possession a strip of ground of said Second street forty-two feet in length, two feet nine inches in width and five feet two inches in depth, and in addition to the possession of said strip of ground so taken, the said defendants further propose to take possession of another portion of said Second street about same width on said street, upon which to erect and maintain approaches, porches and steps into the second story of said proposed building, and extending three feet and upwards into said Second street, which the said the First National Bank proposes to use as part of its own property.

4. That all of the ground so as aforesaid taken and proposed to be taken by the said defendants, is within the line of said Second street and part of the said street as originally laid out and dedicated for public use and is part of the said street now necessary for public use, said street having been for a long time and now being one of the principal streets and public thoroughfares of said municipality. That said Second street at and along the point of said encroachment has a sidewalk of seven feet in width, out of which said encroachment of two feet nine inches is taken for a length of over forty feet.

5. That there are few buildings on the south end of Second street; that the street, at that end, extends to the yards of the Baltimore & Ohio Railroad, and that there is comparatively little travel on that portion of the street.

6. That a bill in equity, averring substantially the above facts, was filed in this court, November 12, 1901, by the commonwealth at the instance of the attorney general; that an answer was filed December 11, 1901, and a hearing duly had, September 17, 1902.

### CONCLUSIONS OF LAW.

1. That in the absence of municipal regulation, lot owners may, for purposes of necessity, ornament or convenience, partially obstruct a highway in a reasonable manner, so as not to prevent the use of the highway by the public.

2. That the proposed partial obstruction on Second street, West Newton, by the defendant bank, is not, under the circumstances of this case, an unreasonable use of said highway, as it is not in violation of any municipal regulation and does not prevent the use of the highway by the public.

3. That the bill be dismissed at the cost of complainant.

### DISCUSSION.

We have no serious controversy here about the facts. At least, there is no really material fact fairly in dispute in the testimony. The substantial averments of the bill are not denied in the answer. These facts appear: That Main and Second are public streets of West Newton borough; that at the corner of these streets, the defendant is the owner of a lot and is erecting thereon a bank building, and on Second street it is proposed to construct an area way to give access to the basement and steps for approach to the upper part of the building. As to the exact extent of these encroachments and as to the amount of travel on Second street, there is some little discrepancy in the testimony. The facts in relation to these matters are found from the fair weight of the evidence and hereinbefore reported.

Nor as we view it, is there much difficulty about the law governing this case, although on this phase of it, we have an earnest controversy, and have had many cases cited on both sides. It may be taken as settled, that every unauthorized encroachment on a public highway is a nuisance, even though it does not actually obstruct public travel. This principle is clearly enunciated in case of Philadelphia & Trenton Railroad Company, 6 Wharton, 25, and enforced in many cases produced at the argument. Thus in Reimer's Appeal, 100 Pa. 182, the erection of a bay window was enjoined, although it was several feet above the sidewalk and in no way interfered with pedestrians. But while the principle referred to is well settled and the cases mentioned stand unopposed by other authority, we have a line of cases which also shows that in equity much rests in the discretion of the chancellor and that it is not every encroachment on a highway that will be prevented by injunction. The latest authority cited is Commonwealth, Appellant, v. Beaver Borough, 171 Pa. 542, in which Judge

EWING in a very able opinion reviewing the authorities deduces this principle : " In the absence of municipal regulation, lot owners may for purposes of necessity, ornament or convenience, partially obstruct a highway in a reasonable manner, so as not to prevent the use of the highway by the public. And that the municipal authorities may, by ordinance or otherwise, regulate the manner of this public use and the ornamentation. What is a reasonable exercise of this discretion depends on the circumstances." As the case on appeal was affirmed, it has the force of authority, and it is our duty to apply the principle here, if we find it applicable to the facts of the case in hand. The decision is that in the absence of municipal regulation, lot owners for certain purposes may in a reasonable manner partially obstruct a highway. There is no regulation by ordinance of such constructions, and in this regard there is an entire absence of municipal regulation. The only regulation attempted since the borough was incorporated in 1842, was the passage by the borough council on August 5, 1895, of a resolution requiring lot owners to place guard rails or gates on area ways for the protection of pedestrians. As far as this regulation goes, it is in recognition of the right to construct such area ways.

The only question remaining is : Whether the partial obstruction proposed is a reasonable use of the highway? Whether it is so or not depends on the circumstances of this case.

Second street, on which it is proposed to have the area way and steps, is over forty feet wide ; the sidewalk, abutting defendant's lot, is seven feet in width. The defendant bank has laid thereon a flagstone walk. The area way, including the guard rail, will extend over the sidewalk, two feet nine inches. To this extent it undoubtedly obstructs the highway, and interferes with pedestrians on that part of Second street. But it appears that this is no unusual encroachment in West Newton borough. The sidewalks have been so used since the borough was incorporated and such use recognized by the borough authorities in the resolution already referred to. The evidence shows many similar encroachments on Second street, and an offer was made to prove that on Main street, the principal street of the borough, there were many such encroachments

for area ways, cellar doors, steps, porches and verandas. That others so used the street is no justification, of course, for an encroachment on the street by the defendant. But in determining whether this partial obstruction of the highway is reasonable, it is worthy of notice that the streets of the borough have always been so used. It is so likewise of the property now owned by defendant. The former owner on Second street had likewise an approach to the basement of his house through an area way. It did not correspond exactly in size with the one now proposed, but it was an encroachment on the street. Besides, Second street is not much traveled at the present time, nor likely to be in the near future because it has few houses on the south end and terminates, as we have seen, in the yards of the railroad company. If conditions change and this area way becomes an unreasonable obstruction of the sidewalk an appropriate remedy will not be wanting to cause its removal.

Under present conditions, we cannot hold that such use as proposed is unreasonable. For sixty years, the custom has been for lot owners on this and other streets to construct steps, porches, cellar doors and area ways. Such is not only the general custom, but such practice is recognized in the resolution passed by council in 1895. We see no justification in making this an exceptional case. The defendant has erected at the corner of Main and Second streets, perhaps the best and most costly building in the borough and it is not unreasonable to accord it a privilege now enjoyed by nearly all lot owners in the same locality. And entertaining this view, and for the reasons already given, we are of opinion that in this proceeding the complainant has failed to present a case that justifies an injunction.

And now, November 1, 1902, this case came on to be heard on bill, answer and proofs, and was argued by counsel; and thereupon it is ordered, adjudged and decreed that the bill be dismissed at the cost of complainant.

*Error assigned* was decree dismissing the bill.

*Paul H. Gaither* and *H. E. Marker*, with them *C. B. Hollingsworth* and *Cyrus E. Woods*, for appellant

*John B. Head*, with him *A. H. Bell*, and *James S. Moorhead*, for appellees.

PER CURIAM, November 11, 1903:

The court being equally divided in opinion the judgment is affirmed.