# Commonwealth, Appellant, *v.* Kembel.

*Nuisance—Obstruction of street—Bay window.*

A second-story bay window projected beyond the building line over and into the street of a city, and erected in disregard of notice by the proper municipal authorities, in the absence of any municipal ordinance upon the subject, constitutes a public nuisance per se; and the reasonableness or unreasonableness of such an obstruction, its necessity, convenience or ornament, are not matters to be submitted to the jury from which they may determine the fact of a public nuisance.

In the absence of express municipal authorization, evidence tending to show the existence of other bay windows, extending over the building line, is not admissible as a defense to an indictment for maintaining a second-story bay window projecting into the public highway.

Argued Oct. 23, 1905.   Appeal, No. 200, Oct. T., 1905, by plaintiff, from judgment of Q. S. Lebanon Co., Sept. T., 1905, No. 39, on verdict of not guilty in case of Commonwealth v. George E. Kembel.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Indictment for maintaining a nuisance. Before EHR-GOOD, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows :

[There was evidence admitted that this bay window is not the only bay window in this town ; that is, there are a large number of other bay windows in the town ; that is, similar obstructions to the public highway. . . . All these bay windows in the city may be nuisances, for all we know, and it cannot help the defendant because those bay windows exist that he can have his bay window, except if the municipal authorities of this city have tacitly permitted the erection of those obstructions on the public highway, together with other obstructions that they may have permitted by ordinance. If they have impliedly permitted these obstructions to be placed there and the citizens of the communities in which the bay windows exist have acquiesced in the maintenance of them, then it may be what is said in several of these cases that were called to my attention, that it may be a license to the defendant to erect this nuisance, if it was a nuisance under the common law. . . . If they are reasonable constructions, if they are not unreasonable obstructions to the public highway, then they can be maintained. That, we understand, to be the law.] [13]

[Now, under some of the authorities that justify, as we understand it, the maintenance of these bay windows and other obstructions to the public highway, other things are considered, the necessity, the convenience and ornament. As has been said by one of the judges passing upon nuisances of the same character as this, the question of necessity, of actual necessity, cannot exist, but is recognized by the authorities to exist, but, in reality, could not exist. If I own a lot in the city of Lebanon, there is no actual necessity for my erecting a house, in which I must place any portion of that house on the public highway. I can keep my house free from the public highway altogether, and can put it back and can have my porch and everything else off of the public highway. So that, in that respect, no necessity exists. There is no necessity that the public highway should be obstructed by my placing the house on the line at the base and have the roof, or cornice, of the house

extend a foot, or several feet, over the pavement. I can place my house back so far that the cornice of my house does not obstruct any portion of the public highway. So that no actual necessity in that direction probably exists, for any of these obstructions. As that judge says, in deciding that case, he says the steps may be placed inside of the house, so that you step right from the pavement into the house, or the floor can be lowered to such an extent that the pavement, on going into the house is on a level, that it required no steps. You go along Cumberland street, and you find the business buildings have no steps. There is no necessity for steps, because the first floor is even, or almost even, with the pavement. There is no obstruction of the public highway by reason of porches or steps. But the law says—or the Supreme Court makes this as one of the reasons—necessity. Convenience is another reason given. Porches are very convenient, if you are permitted to use five feet of the pavement to erect a porch, a nice covered porch to sit on. It is convenient, of course, and yet, under the common law, it is a nuisance. It is an invasion of the public right. It is an impedient to the pedestrian on the sidewalk. It is a real obstruction. Another reason given is that it is justifiable or excusable on the ground of being an ornament. Among the ornaments mentioned in some cases are trees planted along the curbstone on the pavement. It obstructs the public highway, but it is excused on the ground that by reason of the ornament to the town, or to a place, in some places at least, it is permissible. Now, the place where these obstructions are permitted is also to be considered by a jury in determining whether an obstruction is a nuisance or not. For example, if the merchants along Cumberland street, between Seventh and Ninth streets, would commence to dig up pavements and each plant several trees in front of their business houses, quite likely there would be trouble, and quite likely juries would consider the place where these obstructions were placed and would say that they were nuisances. Or, suppose the merchants or the business people of the town, or those that could have them, would commence to erect porches on Cumberland street, between Ninth street and Eighth street, the busy portion of the town, and thereby narrow the sidewalk to the extent of these porches, a place in this city traveled by large numbers of peo-

ple—juries might not hesitate very much and say that such obstructions were undoubtedly nuisances, notwithstanding, perhaps, an ordinance to the effect that they might be used. That is, in general, it would be an invasion of the public rights that the courts would quite likely say was unreasonable.] [14]

[Now, under the law, it does not make any difference for the defendant, if you find that this is such an unreasonable obstruction of the public highway as to make him guilty of a nuisance, it makes no difference whether he has constructed it or not. . . . So that if you find that it is an unreasonable obstruction to the public highway, then it is your duty to say so and declare this bay window a nuisance. If, on the other hand, you find that this is not an unreasonable obstruction of the public highway, not such an unreasonable obstruction of the public highway that he ought to take it away, then, we say, that you ought to acquit him. . . . We believe that the law is that if a man erects an obstruction in a public highway, whether it is a bay window or not, which is unreasonable, then he is guilty of a nuisance and must be convicted. If he does erect an obstruction on the public highway, such as a bay window or any other obstruction which is not unreasonable, then we believe that the law justifies it and that it is the duty of juries to acquit. . . . If he has not erected a nuisance, an unreasonable obstruction, then acquit him. . . . If, as I have instructed you, this man has put an unreasonable obstruction in the public highway, it is your duty to convict him. If he has not placed an unreasonable obstruction in the public highway, then we say he was justified and you can acquit.] [15]

Verdict of not guilty.

*Errors assigned* among others were (13–15) above instructions, quoting them.

*Warren G. Light*, with him *Harry J. Schools*, for appellant. The construction of a bay window in an upper story, projecting over the street line in a city, constitutes a nuisance per se: Reimer's App., 100 Pa. 182; Hess v. Lancaster, 4 Pa. Dist. Rep. 737 ; Com. v. Harris, 15 Phila. 10.

It is sufficient to show the existence of a bay window projecting over the street line into the highway; and evidence of

any special injury which may or may not be suffered by certain persons is immaterial: Ex parte Shrader, 33 Cal. 279; People v. Vanderbilt, 28 N. Y. 396.

The general rule is that no one can encroach beyond the building line without showing express authority to do so: Phila. v. Clare, 17 Phila. 59.

The fact that the municipality has tolerated the existence of certain appurtenances, to houses, such as bay windows, encroaching on the street line, does not give to other property owners the right to maintain similar encroachments: Broadbelt v. Loew, 162 N. Y. 642 (57 N. E. Repr. 1105); Weiser's App., 3 York, 103.

*Thomas H. Capp*, with him *George B. Woomer*, for appellee.—The bay window in question was not a public nuisance: Livingston v. Wolf, 136 Pa. 519; Com. v. Beaver Borough, 171 Pa. 542; Com. v. Allen, 148 Pa. 358; Com. v. Northern Cent. Ry. Co., 7 Pa. Superior Ct. 234; Allegheny v. Zimmerman, 95 Pa. 287; Com. v. Hauck, 103 Pa. 536; King v. Thompson, 87 Pa. 365; Com. v. First Nat. Bank, 207 Pa. 255; Sutton v. Eshleman, 3 Lanc. Bar, No. 12; Coulter v. Pine Township, 164 Pa. 543; Com. v. Suesserott, 5 Pa. C. C. Rep. 1; Com. v. Miller, 139 Pa. 77; Com. v. Cassell, 1 Pa. Superior Ct. 476; Allegheny v. Zimmerman, 95 Pa. 287.

OPINION BY PORTER, J., March 12, 1906:

The defendant erected and now maintains a second-story bay window, about twelve feet above the sidewalk and projecting about fifteen inches over the street line and into North Eighth street, a public highway and thoroughfare near the center of the city of Lebanon. The defendant had been notified, at the time the structure was in process of erection, by the chief of police of the city, under the direction of the mayor, that the bay window extended over the street line and that it was illegal; but he disregarded the notice and finished the structure. He was indicted and tried for the maintenance of the alleged nuisance, which trial resulted in an acquittal, and the commonwealth appeals.

The court below admitted evidence on the part of the defendant to the effect that there were other bay windows in the

city of Lebanon which extended over public highways, and that the particular bay window in question was ornamental and finished in good taste. The learned judge instructed the jury that if the municipal authorities " have impliedly permitted these constructions to be placed there and the citizens of the communities in which the bay windows exist have acquiesced in the maintenance of them, then it may be what is said in several of these cases that were called to my attention, that it may be a license to the defendant to erect this nuisance, if it was a nuisance under the common law. . . . If they are reasonable constructions, if they are not unreasonable obstructions to the public highway, then they can be maintained." And, again : " Now, under some of the authorities that justify, as we understand it, the maintenance of these bay windows and other obstructions to the public highway, other things are considered, the necessity, the convenience and ornament." The learned judge then proceeded to instruct the jury that the term " necessity " as thus used did not mean an actual necessity, that the convenience might be one which would exclude the public from the use of a part of the highway ; and that the ornaments mentioned might constitute an obstruction of the highway " to be excused on the ground that by reason of the ornament to the town or the place, in some places at least, it is permissible." The learned judge, in referring to the alleged nuisance said : " It may be a convenience to him (the defendant), and it may be an ornament to his building, but it is true that it obstructs the view of the prosecutor in this case. It interferes with his view from his building. Now, under the law, it does not make any difference for the defendant if you find that this is such an unreasonable obstruction of the public highway as to make him guilty of a nuisance ; it makes no difference whether he has it constructed or not. That must not enter into your minds. He had notice before he commenced to construct, and it is his own fault if he erected a nuisance which must be abated, and he must bear the expense of putting up the nuisance and tearing it down again. So that, if you find that it is an unreasonable obstruction to the public highway, then it is your duty to say and declare this bay window a nuisance. If, on the other hand, you find that this is not an unreasonable obstruction of the public highway, not such an unreasonable obstruction of

the public highway that he ought to take it down, then we say to you, you ought to acquit him."

The jury must, under these instructions, have been convinced that even though the defendant was maintaining a nuisance, he was not to be convicted unless they were satisfied that that nuisance constituted an unreasonable obstruction to the public highway. The question of the guilt or innocence of the defendant was made to depend not upon his actual maintenance of a nuisance, but whether in the opinion of the jury that nuisance unreasonably obstructed the public highway. The verdict, under these instructions, only means that even if the defendant was maintaining a nuisance, the jury were not satisfied " that he ought to take it away."

Those limited encroachments upon public highways which are excused upon the ground of convenience, are such only as relate to the convenient use of the street in connection with the property, such as steps, cellar doors and area ways. The taking of a part of the street for purposes of ornament can be done for the ornamentation of the street only, such as the planting of shade trees, the location of statues, or the laying out of the sides or middle of the street as a park, of which the public have the benefit. No abutting owner has the right, in the absence of a valid municipal regulation permitting him to do so, to inclose a part of the street within the walls of his own building for the purpose of making that building more beautiful. The learned judge of the court below no doubt relied upon the decisions in proceedings, at law or in equity, between private parties, of which King v. Thompson, 87 Pa. 365 ; Allegheny v. Zimmermann, 95 Pa. 287, and Livingston v. Wolf, 136 Pa. 519, are examples. In the recent case of Commonwealth ex rel. v. First National Bank, 207 Pa. 255, the question of the right of an abutting owner to permanently include any part of the public street within the walls of his building was not involved. The case of Commonwealth ex rel. v. Beaver Borough, 171 Pa. 542, presented only the question of the power of the borough authorities to regulate the streets and squares which had been laid out by the commonwealth, upon the original plan of the town, but the learned judge who wrote the opinion, which was adopted by the Supreme Court, clearly draws the distinction between the ornamentation of a street, by planting

shade trees, and the inclusion of a part of the highway by an abutting owner by the erection of a permanent building and fences, so as to unlawfully exclude the public.

The attempts of private citizens to check the tendency to encroach upon the highways have generally proved abortive, for it is a well-established rule that the private citizen who attempts to redress a public grievance must show a special damage to himself over his fellow citizens, which is generally difficult. His rights to the highway are those of a traveler, and he cannot complain of erections by owners of the soil, however unlawful, except such as obstruct his right of passage. When the commonwealth intervenes all questions of the right to bring suit disappear, and length of occupation becomes an aggravation rather than an excuse. It is conceded that there was not at the time this bay window was constructed, nor is there now, any uniform rules and regulations, as to bay windows, of the city of Lebanon. The city might, under the power conferred by the Act of May 23, 1889, P. L. 277, have adopted reasonable and uniform rules and regulations permitting encroachments of the character in question upon the public highways, but it has not done so. The highways belong to the commonwealth, in trust for the great body of the people, and that any one who claims a peculiar privilege to invade them must establish beyond peradventure his title under some act of legislative power to do so, is well settled. " Projecting windows from an upper story interfere to some extent with the ordinary and proper enjoyment of rights which are free to all, and one who appropriates the space above the foot way creates a purpresture by making several to himself that which ought to be common to many." This case is ruled by Reimer's Appeal, 100 Pa. 182; Kopf v. Utter, 101 Pa. 27 ; Commonwealth v. Moorehead, 118 Pa. 344 ; Commonwealth v. McNaugher, 131 Pa. 55, and Commonwealth v. Harris, 15 Philadelphia, 10. The defendant failed to show any valid municipal regulation authorizing his encroachment upon the street, and the question for the jury to determine was whether the bay window did extend over the building line into the street, as charged in the indictment.

The judgment is reversed and a venire facias de novo awarded.

MORRISON, J., dissents.