## Philadelphia v. Teller, Appellant.

*Municipalities—Control over streets—Awnings—Philadelphia—Act of April 16, 1838, P. L. 626.*

1. Under the Act of April 16, 1838, P. L. 626, the city of Philadelphia has authority to pass an ordinance requiring that all awnings extending over sidewalks shall be supported by wrought-iron stringers and posts.

2. A court of equity has jurisdiction to restrain the owner of a building on the south side of Chestnut street in the city of Philadelphia from maintaining an awning of iron with a glass roof attached to the front of his building and extending over the sidewalk unsupported by wrought iron stringers and posts.

3. The highways belong to the commonwealth in trust for the great body of the people, and he who claims a peculiar privilege to invade them must establish his right under some statute or valid municipal regulation ordained in pursuance of statutory authority.

Argued Dec. 15, 1911. Appeal, No. 224, Oct. T., 1911, by defendant, from decree of C. P. No. 3, Phila. Co., Dec. T., 1911, No. 4,094, on bill in equity in case of Philadelphia v. Bonwitt, Teller & Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction. Before FERGUSON, J.

The trial judge found, inter alia, the following facts:

1. The defendant has erected on the south side of Chestnut street, between the Delaware and Schuylkill rivers, to wit, west of the corner of Thirteenth street, an awning, marquee or canopy, composed of glass and iron, and extending for the distance of seven feet from the building line over the sidewalk, at a height of eight feet four inches, and being eighteen feet six inches in length, which structure was erected without a permit from the bureau of highways, and which is not supported by wrought-iron stretchers or posts, for which no plans and specifications were furnished the bureau of highways, and for which no permit fee was paid the receiver of taxes.

2. Supported upon the said structure and fastened thereto is a sign about four feet by seven feet in length and breadth, and about two inches in thickness, extending at right angles from the front wall of the building abutting on Chestnut street, to which wall the said sign is attached by bolts, and between which sign and the said awning, canopy or marquee, there is no necessary or essential

connection, the said awning, canopy or marquee not being required for the support of the sign.

3. During the progress of the erection of said awning, canopy or marquee the defendant was duly notified by the bureau of highways of the city to desist therefrom.

An ordinance of the city of Philadelphia approved March 22, 1900, was in part as follows:

"Sec. 1. That it shall and may be lawful for any person or persons to erect and construct or have erected and constructed and maintain iron awnings with metal or glass roof, without wings, over the sidewalks of their premises, the said awnings to be not less than ten feet in the clear head room; no signs to be displayed thereon except the names of the owners or tenants of the premises to which such awning is attached, and the nature of the business conducted therein, and the said awnings to be supported by wrought-iron stretchers and posts: Provided, That no such awnings shall be erected nor constructed without permit from the Chief of the Bureau of Highways.

"Sec. 2. The Chief of the Bureau of Highways is authorized, empowered and directed to grant permits for the erection and construction of iron awnings above specified whenever the said awnings do not interfere with the adjoining properties nor injure the properties in the square in which it is proposed to place such awning or awnings: Provided, That the plans and specifications thereof shall be submitted to the Chief of the Bureau of Highways for his approval, and the said permits shall be issued in all cases when the plans and specifications are approved: Provided, further, That nothing in this ordinance contained shall authorize the construction of iron awnings or sheds over the sidewalks in that part of the city, viz.: South side of Chestnut street, from Delaware river to the Schuylkill river, and both sides of Fifteenth street, from Market to Walnut streets, except in front of railroad stations."

The court awarded an injunction restraining the defendant from the continuous maintenance of the awning.

*Error assigned* was the decree of the court.

*David Wallerstein,* with him *Abraham Israel,* for appellant.—The proviso of the ordinance is invalid: Reimer's App., 100 Pa. 182; Livingston v. Wolf, 136 Pa. 519.

Classification must not only rest upon a plain distinction in the subject classified, but it must always have a substantial reason back of it amounting to more than a mere convenience: Com. v. McAfee, 232 Pa. 36; Ayars' App., 122 Pa. 266.

If the proviso be invalid, and if the ordinance, therefore, is in force without the proviso, an awning upon the south side of Chestnut street is authorized by the ordinance, and the whole contention of the city of Philadelphia falls to the ground.

*Charles S. Schofield,* with him 'Ernest Lowengrund, assistant city solicitors and *Michael J. Ryan,* city solicitor, for appellee.—The ordinance of March 22, 1900, is a valid and proper one: Attorney General v. Lombard, etc., Ry. Co., 1 W. N. C. 489; Reimer's App., 100 Pa. 182; New Hope Boro. v. Postal Tel. Cable Co., 202 Pa. 532.

OPINION BY PORTER, J., July 18, 1912:

The city filed this bill in equity alleging that the defendant corporation was unlawfully maintaining an awning of iron with a glass roof, attached to the front of its building and extending over the sidewalk on the south side of Chestnut street, immediately west of Thirteenth street, which awning the defendant had erected notwithstanding the refusal of the chief of the bureau of highways to issue a permit therefor and notice from that officer not to erect the same. The bill prayed for an injunction restraining the further maintenance of said awning and requiring the defendant to remove the same. The court below after a hearing decreed that a mandatory injunction issue requiring the defendant to remove the awning within thirty days, and from that decree the defendant appeals.

The witnesses who testified at the hearing did not seem to be in harmony as to the name by which the structure in question should be called, but whether it be called an awning, a marquee, or canopy, the material facts as to the character of the structure are not in dispute. It is a permanent structure, intended to be immovable, attached to the front of the building and extending out over the sidewalk a distance of seven feet, at a height of eight feet four inches above the sidewalk, and being eighteen feet six inches in length, and it is not supported by wrought iron stretchers or posts. The structure is a permanent covering of a part of the public highway. The court below so found the facts, which finding was based upon undisputed evidence, and the appellant has in this court conceded the facts to be as stated. The exceptions filed by the defendant in the court below and the specifications here indicate a disposition on the part of the learned counsel for the defendant to regard this case as a simple prosecution for violation of a city ordinance, but we cannot so regard it. The bill averred that Chestnut street was a public highway, and that the defendant had "willfully, unlawfully, and in violation of the express provisions of said ordinance, erected and now maintains an awning of iron, with a glass roof, attached to the front of their said building, and extending over the sidewalk of said premises, being the sidewalk on the south side of said Chestnut St." It may have been unnecessary to incorporate in the bill the provisions of the ordinance, or of the Act of April 16, 1838, sec. 3, P. L. 626, but the incorporation of the statute only disclosed the limit of the powers, with regard to the subject-matter, which the commonwealth had delegated to the municipality, and the ordinance disclosed the extent and manner of the exercise of that power on behalf of the city. Taking the averments of the bill together they gave the defendant distinct notice that the city asserted the erection and maintenance of the awning in the highway to be unlawful, and that the city had not by the ordinance of March 22, 1900, passed under the

authority conferred by the act of 1838, authorized the structure in question. This was not a proceeding by a private individual to restrain the continuation of a thing injurious to his personal or property interests. The city represents the public and is asserting the public right. Had the bill merely averred that the defendant was unlawfully maintaining this permanent structure in the public highway and prayed for a decree that it be removed, such averments would have been sufficient to sustain the bill.

The highways belong to the commonwealth in trust for the great body of the people, and he who claims a peculiar privilege to invade them must establish his right under some statute, or valid municipal regulation, ordained in pursuance of statutory authority: Livingston v. Wolf, 136 Pa. 519; Com. v. Harris, 15 Phila. 10; Kopf v. Utter, 101 Pa. 27; Com. v. Kembel, 30 Pa. Superior Ct. 199. "The right of passage along or over a street has connected with it certain incidents which are essential to the proper enjoyment of it, such as light and air and view. If a highway should be covered over, for instance, by the owners of property fronting on either side of it, so as to shut out the light from above, its enjoyment would not only be greatly interfered with, but it might often be rendered dangerous and practically useless. . . . It cannot be successfully maintained that owners of property fronting on a highway have any such right as this:" Reimer's App., 100 Pa. 182. If an abutting owner has the right to cover one-fifth of the street, in the absence of any statute or valid municipal regulation authorizing him to do so, he might with equal propriety assert the right to cover the half of it. If the owner upon one side of the street has this right, the owner upon the opposite side would also possess it, and so they might roof in the entire street.

The burden was upon this defendant, there being admittedly no statutory warrant, to show a valid municipal regulation authorizing this structure. The only municipal ordinance referring to the subject is admitted to be that of March 22, 1900. If that ordinance was invalid,

then the defendant had erected and was maintaining this structure unlawfully: Reimer's App., 100 Pa. 182. We do not consider it necessary to decide in this case whether the evidence was of such a character as to establish that the conditions upon Chestnut street, the extent and character of the business there, were such as to warrant the councils of the city in placing that street and a portion of Fifteenth street in a class by themselves, when dealing with the subject of erecting awnings and structures in the street. There may be a question whether the councils of the city have not power to make different regulations for different streets upon which totally different conditions exist, and so meet the needs of the several classes of highways: Martin v. Williamsport, 208 Pa. 590. Let it be assumed, for purposes of this case, that the contention of the defendant is correct, that the exception of Chestnut street out of the operation of the ordinance is invalid and inoperative, and that the other provisions of the ordinance are valid. The result would be that the owner of a property on Chestnut street would have the same right to erect a permanent and immovable awning enjoyed by the owner of property on any other street. The ordinance requires that structures such as that which this defendant is maintaining must be supported by wrought iron stringers and posts, and confers no right to erect an awning not so supported. We certainly would not be warranted in saying that a regulation which requires a heavy structure, such as the defendant maintains, erected over the sidewalk of a busy street, to be supported in the manner required by this ordinance is unreasonable. The structure which the defendant maintains over the sidewalk on Chestnut street is not supported by either posts or stringers, and the evidence produced by defendant failed to satisfactorily explain how it was supported. This structure is not authorized by any valid municipal regulation, even if the ordinance of 1900 be given the construction for which the appellant contends. The specifications of error are dismissed.

The decree is affirmed.