## Dreisbach's Petition.

*Husband and wife—Feme sole trader—Insane husband—Act of May 28, 1915.*

Under the Act of May 28, 1915, P. L. 639, a wife is not entitled to be decreed a *feme sole* trader because her husband has lived separate and apart from her for ten years without having contributed to her support, where it appears that he was in fact insane, was confined in an asylum, and had never abandoned her or refused to contribute to her support.

Petition to be decreed a *feme sole* trader. C. P. Montgomery Co., Nov. T., 1923, No. 3.

*Evans, High, Dettra & Swartz*, for petitioner.

MILLER, P. J., Dec. 28, 1923.—This is an application in the usual form to be declared a *feme sole* trader. It was shown at the hearing that the husband of the petitioner has been in restraint as a lunatic at the State Hospital for the Insane since July 5, 1913, and was adjudged by this court on July 2, 1917, to be unable to care for his property because of mental deficiency. He has,

therefore, lived separate and apart from his wife for over ten years, during all of which time he has contributed nothing towards the support of her and their child. The petition was filed under the Act of May 28, 1915, par. 1, P. L. 639, and the question involved is whether or not the case falls within the provisions of that act.

We think it does not. Under the Act of May 4, 1855, P. L. 430, the failure of a husband to provide for his wife was not alone sufficient to give his wife *feme sole* trader privileges. It must have been occasioned by drunkenness, profligacy or wilful absence or neglect (Ellison *v.* Anderson, 110 Pa. 486), and his mere temporary inability to support her, resulting from sickness, was not sufficient; there must have been a desertion or wilful neglect or refusal on the part of a husband to perform his duty: King *v.* Thompson, 87 Pa. 365.

The Act of May 28, 1915, P. L. 639, provides that "Whenever a man and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband, for one year or more, has not supported his wife nor their child or children, if any they have, from time of the separation of the husband and wife, and the wife and child or children, if any there are, are maintained either by the wife or by the joint efforts of the wife and children, by the children, or from the income of the wife's separate estate," she is entitled to be decreed a *feme sole* trader. It was said in Ulrich's Case, 267 Pa. 233: "The manifest purpose of this act was to provide for a case where a husband and wife were not living together and the wife is receiving no support from him, but the circumstances of the separation are not such as to establish a wilful desertion on his part." Also, see In re Bessie D. Bremer, 3 D. & C. 685.

The failure of the husband to support his family, contemplated by the Act of 1915, must be such as to constitute a breach of duty on his part: Graver's Petition, 260 Pa. 186; Ramsey's Case, 270 Pa. 564. The burden is on the wife to convince the court by the fair weight of the testimony that her husband has, for at least one year, practically abandoned her, refused to contribute to her support and brought her within the spirit as well as the strict terms of the act of assembly invoked in her behalf: Diedrich's Petition, 68 Pitts. L. J. 163.

In other words, before a wife is entitled to a decree, the husband, as a responsible being, must be shown to have been in default. In the instant case, Mr. Dreisbach, a lunatic, cannot, therefore, be charged with a breach of duty. He has neither practically abandoned his wife nor separated himself from her and refused to contribute to her support. He is helpless—incapacitated by mental illness. Their living apart is not the result of his voluntary act.

While notified of the hearing, he did not, and could not, attend. The guardian of his estate was not notified, and he was, therefore, also absent. Much of the testimony heard was that of the petitioner, who was incompetent: Ulrich's Case, 267 Pa. 233. The Act of 1915 provides that upon entry of the decree, the wife's "property, real and personal, however acquired, shall be subject to her free and absolute disposal during life, or by will, without any liability to be interfered with or obtained by her husband, and in case of intestacy shall go to her next of kin as if he were previously dead." To allow the wife to trade in her own name, according to the provisions of the law, is one thing; absolutely to strip her invalid husband of all interest in her estate without his being heard in protest is quite another. We do not think the Act of 1915 was intended to apply to a case such as this.

And now, Dec. 28, 1923, the petition is dismissed.