## Clothier, Appellant, *v.* Philadelphia.

*Municipalities—Cities of the first class—Director of public safety—Reviewing stands.*

Where an ordinance of a city of the first class confers upon the director of public safety authority to grant permission to persons who desire to erect reviewing stands in the public streets, a person desiring to avail himself of the benefits of the ordinance must bring himself strictly within its terms, and must secure permission from the director of public safety himself, and not from his subordinate, such as the engineer in charge of the bureau of building inspection. The discretion to determine where and by whom reviewing stands may be erected is vested in the director, and such discretion cannot be delegated by him to a subordinate. If a person without first having obtained the permission of the director, and relying upon a permit issued by the engineer, proceeds to erect a stand, and is subsequently compelled to take it down by the city authorities, he has no recourse against the city for the loss sustained.

Argued Dec. 11, 1902. Appeal, No. 188, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1898, No. 113, on verdict for plaintiff in case of Conrad F. Clothier, Jr., and Thomas F. Burrows, trading as Clothier & Burrows, v. City of Philadelphia. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for loss sustained by reason of the revocation of a permit to build a reviewing stand. Before SULZBERGER, J.

At the trial it appeared that on October 17, 1898, plaintiffs secured a permit from the engineer of the bureau of building inspection to build a reviewing stand on the North side of Mt. Vernon street east of Broad street in the city of Philadelphia. They paid $2.00 for the permit. They expended $164 in the erection of the stand. On October 22, 1898, they received the following letter from the director of public safety :

" October 21, 1898.

" CLOTHIER & BURROUGHS,
    " S. E. Broad and Mt. Vernon.

" Dear Sirs : By an inadvertence a permit was granted to you to erect a stand under the ordinance approved the 15th of this month to erect a stand on the North side of Mt. Vernon Street east of Broad Street. This permit is withdrawn and revoked and you will not be permitted to proceed with your stand. I understand you were informed of this almost immediately after you started to erect the stand.

" I remain,
    " Yours truly,
        (Sgd)  " F. M. RITER,
                " Director."

The ordinance of October 17, 1898, which grants to the director of public safety authority to issue permits for the erection of reviewing stands is quoted in the opinion of the Superior Court.

The court charged in part as follows:

It appears that on the occasion of this demonstration to celebrate the close of the Spanish war, the department of public safety resolved that the city should sacrifice for a few days, in the interest of a great display, the space required on the sidewalks of Broad street so that the same might be occupied by reviewing stands ; and it reserved at the same time the very reasonable provision that side streets should not be obstructed, because naturally you would expect an enormous crowd to be gathered on Broad street, and prudence requires that the means

of the discharge of that crowd from an overcrowded highway should be unobstructed. The policy of the department, therefore, was declared to be, to its subordinates, that no permit was to be issued for the erection of a reviewing stand on a side street.

[ For the purposes of this case I shall hold that that was the utmost limit of authority of any subordinate in that department, that no subordinate had authority to issue a license other than by the authority or direction conferred by the chief of the department ; and as no power was conferred to grant a license on a side street I shall have to say that the issuance of this license on Mount Vernon street, east of Broad, was without any authority and did not bind the city of Philadelphia.] [6]

The court further directed the jury to return a verdict in favor of plaintiff in the sum of $2.00. Plaintiffs appealed.

*Errors assigned* were (5, 6) above instructions, quoting them.

*John C. Bell,* for appellants.—The city had authority to pass the ordinance : Philadelphia v. Sheppard, 33 W. N. C. 264.

A municipal agent acting under a general authority conferred by statute or ordinance, binds the city by an act within the scope of this authority, though such act be contrary to some special directions or limitation upon such general authority, in the nature of private instructions, where the person dealing with such agent had no notice of such special directions or limitations : Adams Express Co. v. Schlessinger, 75 Pa. 246 ; Brooke v. N. Y., etc., R. R. Co., 108 Pa. 529 ; Baltimore & Phila. Steamboat Co. v. Brown, 54 Pa. 77 ; Ardesco Oil Co. v. Gilson, 63 Pa. 146 ; Williams v. Getty, 31 Pa. 461 ; Loudon Savings Fund Society v. Hagerstown Savings Bank, 36 Pa. 498 ; Parker v. Citizens' Ins. Co., 129 Pa. 583 ; American Co. v. Maurer, 10 Atl. Repr. 762 ; Allegheny City v. McClurkan, 14 Pa. 81 ; Philadelphia v. Gilmartin, 71 Pa. 140; Indianapolis v. Skeen, 17 Ind. 628 ; DeVoss v. Richmond, 18 Grattan, 338.

The steady and certain trend of all our Pennsylvania cases has been to hold a municipal corporation, having the power to make a contract, liable in all cases in which an individual would be held similarly liable : Allegheny City v. McClurkan, 14 Pa. 81 ; Philadelphia v. Gilmartin, 71 Pa. 140 ; Philadelphia v. Anderson, 142 Pa. 357 ; Baily v. Phila., 184 Pa. 594.

It has long been settled law that a license without consideration cannot be revoked without reimbursement for expenditures made upon the faith of it. Indeed it becomes an irrevocable contract: Rerick v. Kern, 14 S. & R. 267; Davis v. Souder, 10 Phila. 113; Gilmore v. Wilson, 53 Pa. 194; Campbell v. McCoy, 31 Pa. 263; McKellip v. McIlhenny, 4 Watts, 317; Swartz v. Swartz, 4 Pa. 353; Erie v. Griswold, 5 Pa. Superior Ct. 132; Phila. v. Anderson, 142 Pa. 357.

*J. W. Catharine,* assistant city solicitor, with him *John L. Kinsey,* for appellee.—The ordinance of October 15, 1898, is invalid: Costello v. State, 108 Ala. 45 (18 So. Repr. 820); Tell City v. Beilefeld, 20 Ind. App. 1 (49 N. E. Repr. 1090); Townsend v. Epstein, 49 Atl. Repr. 629; Lancaster v. Reisner, 14 Lanc. Law Rev. 193; Betham v. Philadelphia, 196 Pa. 302; Reimer's App., 100 Pa. 182; Com. v. Harris, 10 W. N. C. 10.

The city is not liable for any damage caused by the act of the engineer in issuing the permit: Penna. R. R. Co. v. Braddock Elec. Ry. Co., 152 Pa. 116; Com. v. Muir, 1 Pa. Superior Ct. 578; Elliott v. Phila., 75 Pa. 347.

All the cases concerning the liability of municipal corporations for acts of their agents referred to by the appellants are to be distinguished on the ground that they relate to the exercise of corporate as distinguished from public functions.

The privilege granted being a mere license to erect the stand, it was revocable at the pleasure of the city authorities: Branson v. Phila., 47 Pa. 329; Smith v. Phila., 81 Pa. 38.

OPINION BY W. D. PORTER, J., May 4, 1903:

The only shadow of authority for the grant, by an executive officer of the city of Philadelphia, of a special license to a private individual, not an owner of abutting property, to erect a reviewing stand or other building in a public street is to be found in the ordinance of October 17, 1898, the material provisions of which are as follows: "That hereafter any person or persons, firms or corporations, who desire to erect any stand for the purpose of reviewing any parade, procession or festivity of any kind whatsoever, shall first obtain permission so to do from the director of the department of public safety. Upon said

permission being granted to the said person or persons, firms or corporations, they shall make application to the bureau of building inspection of the department of public safety for permit to erect the said stand, the fee for the inspection of which shall be two (2) dollars for a stand of superficial area of five hundred (500) feet or less, and the further sum of one (1) dollar for each additional five hundred (500) feet or fraction thereof, superficial area. All such stands must be erected in conformity with the conditions and regulations established by the said bureau of building inspection." No officer of the city, nor clerk in any of the departments thereof has general authority to issue permits for erections of this character in the public highways; persons who attempt to found a right upon this ordinance must bring themselves within its terms. The plaintiffs being desirous of erecting a reviewing stand on the occasion of the demonstration to celebrate the close of the Spanish war applied for permission to do so, not to the director of the department of public safety but to the engineer in charge of the bureau of building inspection. The engineer approved of the application and thereupon a clerk in the office of that bureau issued to plaintiffs a permit to erect the stand. Plaintiffs thereupon proceeded to erect a stand within the lines of Mt. Vernon street, a public highway of the city. When the work was almost completed the director of the department of public safety served written notice upon the plaintiffs that the permit had been issued by inadvertence, that it was withdrawn and revoked, and that they would not be permitted to proceed with the construction. The work was thereupon abandoned and the plaintiffs brought this action to recover the amount of the fee paid for the permit and the damages suffered because of the grant and subsequent revocation thereof, being the amount of money expended in the construction of the stand. It is not in this case necessary to inquire into the power of councils to grant by ordinance to a private individual, not an owner of abutting property, a special license to erect a structure of this character within the lines of a public street, or to delegate to an executive officer authority to grant such a license. The existence of such a power is at least questionable: Commonwealth v. Harris, 10 W. N. C. 10; Reimer's Appeal, 100 Pa. 182; Betham v. Philadelphia, 196 Pa. 302; but even if this ordi-

nance was valid the plaintiffs had not taken the steps necessary to acquire any rights thereunder. The discretion to determine where and by whom reviewing stands might be erected was, by the ordinance, vested in the director of the department of public safety. The provisions of the ordinance manifestly contemplated that the application should first pass the personal scrutiny of the director before the subordinates of the department could exercise any authority whatever. The ordinance imposed upon the director the duty of determining the places in which and persons by whom stands might be erected. The discharge of this duty required the exercise of the personal judgment of the director. A duty of this character, requiring the exercise of the discretion of a particular officer, cannot be delegated to a subordinate. This ordinance required the applicant to first obtain the permission of the director of the department of public safety to erect any stand at a particular location, it was only after that permission had been granted that the bureau of building inspection had any authority to receive an application. When the director of the department considered it safe and proper to erect a stand at a particular location, he granted the permission. He passed upon the question of the propriety of permitting the obstruction in the street. After the permission of the director had been obtained, a second application must be made to the bureau of building inspection. The duty of the officers of that bureau was simply to see that the stand was properly constructed and safe ; the charge for the permit was simply to cover the cost of inspection. The plaintiffs never obtained the permission of the director of the department of public safety; that officer had never exercised his judgment as to whether a stand erected upon that particular location would unduly interfere with the rights of the public in the street, or create inconvenience and disorder. The bureau of building inspection was without authority to issue a permit and the plaintiffs never acquired any rights under the ordinance. The learned judge of the court below permitted a recovery for the amount paid for the permit.

The judgment is affirmed.