## Lenon, Appellant, *v.* Porter.

*Municipalities — Sidewalks — Awnings — Philadelphia — Act of April 16, 1838, Sec. 3, P. L. 626.*

Under the Act of April 16, 1838, Sec. 3, P. L. 626, which authorizes the councils of the City of Philadelphia "to make and establish such and so many rules and regulations as to them may seem expedient for the better regulation of awnings, awning posts" —projecting or occupying the sidewalks of the city, the councils may enact an ordinance providing that within ninety days all awnings and awning poles on sidewalks of a particular street, shown to be a busy trading street, shall be removed.

Argued Dec. 3, 1915. Appeal, No. 143, Oct. T., 1915, by plaintiffs, from decree of C. P. No. 1, Philadelphia Co., June T., 1914, No. 5490, dismissing bill in equity in case of James E. Lenon, et al., v. George D. Porter, Di-

94, (1916).]    Assignment of Error—Arguments.

rector of Public Safety of the City of Philadelphia. Before RICE, ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for an injunction to restrain the removal of awnings supported by poles from the sidewalks of South street.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*Maurice Bower Saul,* with him *John G. Johnson,* for appellants.—The Ordinance of June 11, 1914, as amended by the Ordinance of December 11, 1914, is unreasonable, oppressive and discriminating: Livingston v. Wolf, 136 Pa. 519; Reimer's App., 100 Pa. 182; Kneedler v. Norristown Borough, 100 Pa. 368; Com. v. Corson, 36 Pa. Superior Ct. 7; Millerstown Borough v. Bell, 123 Pa. 151; Bryan v. Chester, 212 Pa. 259.

*Ernest Lowengrund,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor for appellee.—The ordinance was legal: Philadelphia v. Bonwit, Teller & Co., 50 Pa. Superior Ct. 260; Boehm v. Philadelphia, 59 Pa. Superior Ct. 441; Respublica v. Duquett, 2 Yeats 493; Klinger v. Bickel, 117 Pa. 326.

An ordinance authorizing the maintenance of awnings over the highways confers a mere revocable license which may be abrogated by the municipal authorities at any time. But to make that right doubly sure in the present instance the ordinance on which plaintiffs rely, that of March 22, 1900, page 75 (Brown's Philadelphia Dig. 365-6), specifically provides, in Section 6, that "Councils alone shall have power at any time to revoke any license granted under the authority of this ordinance": Wakeling v. Cocker, 23 Pa. Superior Ct. 196.

OPINION BY PORTER, J., December 16, 1916:

The councils of the City of Philadelphia, by an ordinance, approved June 11, 1914, directed and authorized the director of the Department of Public Safety of the city "to have all awnings and awning poles and fixtures connected therewith on sidewalks on South street, between the Delaware and Schuylkill rivers, removed within ninety days after the passage of this ordinance," and provided that all ordinances or parts of ordinances inconsistent therewith be repealed. The appellants, the plaintiffs, thereupon filed this bill in equity to restrain the defendant from carrying the provisions of the ordinance into effect, alleging that the ordinance was invalid. The defendant filed an answer averring that the ordinance was valid and that it was his duty to carry it into effect. The plaintiffs then filed a replication and the case was thus brought to an issue, turning upon the validity of the ordinance of June 11, 1914. The city authorities subsequently passed an ordinance, approved December 11, 1914, ordaining that the ordinance of June 11, 1914, "be amended by adding thereto the following words: Provided, that nothing herein contained shall apply to or prevent the maintenance or construction of movable awnings attached to the fronts of buildings which may be raised or lowered, which shall not extend more than seven feet beyond the building line, and the lower edge of which shall not be less than eight feet above the sidewalk; nor to canopies of glass and metal already erected." The defendant then filed an amended answer, setting forth the provisions of the later ordinance, and it was agreed by counsel, representing each side, that the case should be heard as if the ordinance of December 11, 1914, was in force when the bill was filed. Much testimony was taken as to the condition of South street, the amount of traffic and travel upon the street, the congested condition of the sidewalks, the extent to which posts or poles supporting awnings interfered with the use of sidewalks by pedes-

trians and the extent to which the character of awnings formerly maintained on the streets encouraged the presence of loiterers and gave opportunity for the perpetration of unlawful acts and shielded the perpetrators from detection by the police authorities by shutting out the light and leaving the sidewalks in a darkened condition during the nighttime. The learned judge of the court below arrived at the conclusion that the regulations established by these ordinances were reasonable, and repealed, pro tanto, any earlier ordinance or ordinances providing for awnings extending over the entire sidewalks and supported by poles, in so far as the same relate to South street, and, after dismissing exceptions filed, entered a final decree dismissing the bill. This appeal is from that decree.

The Act of April 16, 1838, Section 3, P. L. 626, conferred upon the councils of the City of Philadelphia the power; "From time to time, by ordinance, to make and establish such and so many rules and regulations as to them may seem expedient for the better regulation of ......awnings, awning posts, or other device or thing projecting over, under, into, or otherwise occupying the sidewalk or any other portion of any of the streets, lanes and alleys." The city was thus expressly clothed with power to regulate awnings, awning posts, or other device projecting over or into any portion of any of the streets of the city. When the legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and defined character, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the corporation, or under a grant of power general in its nature. What the legislature distinctly says may be done, cannot be set aside by the courts because they deem it to be unreasonable or against sound policy: Ligonier Valley Railroad Co. v. Latrobe Boro., 216 Pa. 221; Mahanoy City Boro. v. Hersker, 40 Pa. Superior Ct. 50.

The right of passing along or over a public highway has connected with it certain incidents which are essential to the proper enjoyment of it, such as light and air and view. If abutting owners had the right to cover it over, so as to shut out the light from above, its enjoyment would not only be greatly interfered with, but it might often be rendered dangerous and practically useless. He who asserts a right to maintain any structure extending over any part of a public street must show legislative authority therefor or municipal license authorized by statute: Reimer's App., 100 Pa. 182. It is clearly within the power of the legislature to at any time prohibit the maintenance by owners of abutting property of any structures connected with their buildings extending over public streets, and this power they may delegate to municipalities, to be exercised within the municipal limits.

When the City of Philadelphia makes one regulation with regard to the erection and maintenance of awnings over the sidewalks, that does not exhaust the power conferred upon it by the Act of 1838, for that statute provides that the city may make "such and so many rules and regulations as to the councils may seem expedient." Regulations which were wise and proper in 1838 might, by the growth of the city and increased traffic upon the streets, become wholly inadequate and inexpedient. The power remained in the city to change the regulations with regard to awnings and awning posts, or to prohibit the maintenance of any such structures, and when an ordinance under which an awning was authorized is repealed the owner ceases to have any authority for his intrusion upon the public street. The appellants do not question these general principles, but they contend that the regulations now in question are invalid because they apply only to South street. Their contention, if correct, would leave the municipal authorities powerless to ordain a regulation applicable to a street where peculiar conditions rendered such regulation necessary for the

public convenience and the maintenance of good order, unless at the same time such regulation was made to apply to streets where its enforcement would not only be unnecessary but burdensome and inconvenient.

The decision in Reimer's Appeal, supra, established the principle that it was not within the power of the city by special ordinance to grant to a particular individual the right to maintain a permanent structure extending over the street, but that principle is not involved in the regulations with which we are now dealing. These regulations give to no individual the right to occupy any part of the street, or of the space over the street for his own peculiar purposes, to the exclusion of the public. They merely take from the owners of abutting property the right to maintain posts or poles extending from the surface of the sidewalk up to the awnings, for the purpose of sustaining the latter. Whether these awning posts have, because of peculiar conditions on South street, become such obstacles to the use of the street by the public as to require their removal, is primarily a question for the municipal authorities. When the legislature by express grant confers upon a municipality the power to regulate a specific local affair, the municipality may do so by ordinances that apply to particular streets and not to all the streets within its boundaries: Klinger v. Bickel, 117 Pa. 326; Boehm v. Philadelphia, 59 Pa. Superior Ct. 441. The ordinance of June 11, 1914, repealed all ordinances under which the awnings of the plaintiffs had previously been authorized and that ordinance was a valid regulation. That ordinance contained no condition or proviso, and ninety days after its approval the awnings of the appellants became unlawful structures. The so-called amendment of December 11, 1914, was in fact a new regulation with regard to awnings on South street, it permitted every property owner on South street to maintain an awning of a particular kind. The right thus granted was to all property owners on South street and it is not subject to the objection that it was not a uni-

form regulation. The provision that the ordinance should not apply to canopies of glass and metal already erected might have involved discrimination in favor of the owners of those canopies, but the evidence does not disclose that they were substantially different from the awnings permitted under the general regulation as to the street embodied in the ordinance. Those canopies were not sustained by posts or poles and the evidence does not disclose that, so far as interference with traffic, or light, or any other matter in which the public had any interest, they were substantially different from those which may be maintained by any property owner upon the street. Had the evidence disclosed that the exception of the glass and metal canopies granted to the owners thereof the right to maintain awnings substantially different from those authorized by the general regulation, the question would have arisen whether the ordinance of June 11, 1914, could stand as a valid regulation, while the exception contained in the ordinance of December 11, 1914, might be declared invalid. It has been held that an ordinance may be held valid although a proviso therein is not valid: Second Dillon on Municipal Corporations (5th edition) 647. This, of course, can only be done when it is clearly apparent that the valid portion of the ordinance would have been enacted even if it did not contain the invalid provision. But under the evidence this question does not arise.

The decree of the court below is affirmed and the appeal dismissed at costs of the appellants.