## Hill Brothers Incorporated v. Moore et al.

*Philadelphia — Ordinances restricting signs on Chestnut Street — Act of April 16, 1838.*

The Philadelphia Ordinance of July 26, 1920, Ord. 253, making it unlawful for any person, corporation, organization or firm to place, or cause to be placed, or to allow to remain, on any building on Chestnut Street, between the Delaware and Schuylkill Rivers, any sign or other device projecting more than eighteen inches in front of the revised building-line, "as regulated by the present ordinance," is a valid exercise of the power conferred upon Councils by section 3 of the Act of April 16, 1838, P. L. 626.

Bill for injunction. C. P. No. 1, Phila. Co., March T., 1922, No. 2110, in Equity.

*S. W. Salus*, for plaintiff; *M. A. Coyne* and *G. A. Drovin*, for defendants.

McDEVITT, J., Jan. 26, 1923.—This cause came on to be heard on bill and answers, from which the court makes the following

Hill Brothers Incorporated *v.* Moore et al.

### Findings of fact.

1. The complainant is a corporation of the State of Pennsylvania, engaged in the business of buying and selling shoes at retail, at 1206-08-10 Chestnut Street, in the City of Philadelphia, occupying the second story of said premises as lessee.

2. That for the purposes of its business, the complainant has erected on the above mentioned premises signs projecting more than eighteen inches in front of the revised building line of Chestnut Street.

3. That the Act of April 16, 1838, § 3, P. L. 626, conferred upon Councils of the City of Philadelphia the power: "From time to time, by ordinance, to make and establish such and so many rules and regulations as to them may seem expedient for the better regulation of . . . awnings, awning posts or other device or thing projecting over, under, into or otherwise occupying the sidewalk or any other portion of any of the streets, lanes and alleys."

4. On July 26, 1920, an ordinance was signed and approved by the Mayor of the City of Philadelphia, and became effective from that date henceforth, which provided: "That from and after the passage of this ordinance it shall be unlawful for any person, corporation, organization or firm to place, or cause to be placed, or to allow to remain, on any building, or on anything or structure attached or unattached to any building situated on Chestnut Street, between the Delaware and Schuylkill Rivers, any sign or other device which shall project more than eighteen inches in front of the revised building line as regulated by the present ordinance." And directing the Department of Public Safety to give notice to all persons having or maintaining any sign violating the provisions of this ordinance, requiring them to remove the same.

5. On Dec. 14, 1921, proper notice was served upon the complainant to remove the signs in question.

6. That the sign has not yet been removed.

### Discussion.

By the Act of April 16, 1838, § 3, P. L. 626, the city was expressly clothed with power to regulate awnings, awning posts or other device projecting over or into any portion of any of the streets of the city. When the legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and defined character, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the corporation or under a grant of power general in its nature. What the legislature says distinctly may be done cannot be set aside by the courts because they deem it to be unreasonable or against sound policy.

The right of passing along or over a public highway has connected with it certain incidents which are essential to the proper enjoyment of it, such as light and air and view. If abutting owners had the right to cover it over, so as to shut out the light from above, its enjoyment would not only be greatly interfered with, but it might often be rendered dangerous and practically useless. He who asserts a right to maintain any structure extending over any part of a public street must show legislative authority therefor or municipal license authorized by statute: Reimer's Appeal, 100 Pa. 182. It is clearly within the power of the legislature to at any time prohibit the maintenance by owners of abutting property of any structures connected with their buildings extending over public streets, and this power they may delegate to municipalities, to be exercised within the municipal limits: Lenon *v.* Porter, 65 Pa. Superior Ct. 94 (1916).

2 D. & C.

Where the municipal legislature has authority to act, it must be governed, not by the courts, but by its own discretion, and the courts should not be hasty in convicting it of being unreasonable in the exercise of it: Wilkes-Barre *v.* Garabed, 11 Pa. Superior Ct. 355.

While the powers of municipal corporations must be exercised in a reasonable, lawful and constitutional manner, if limitations are not transgressed, courts cannot interfere with the ordinance of the municipality, for to the mayor and council must be left a reasonable discretion, and for the proper and wholesome exercise thereof they are accountable, not to the courts, but to the people: O'Maley *v.* Freeport, 96 Pa. 24.

While ordinances shall not be repugnant to the laws and constitution of this Commonwealth, it admits of no controversy that the city is armed with ample authority to remove from its streets and thoroughfares obstructions or impediments to their use as such to the public, unless legalized by the authority of law: Philadelphia *v.* P. & R. Ry. Co., 58 Pa. 253.

It is a well-recognized principle that the proper way to arrive at a sound construction of a doubtful statute is to consider the old law, the mischief, the remedy and the true reason of the remedy. While ordinances must be reasonable and for the common benefit, they should not be in restraint of trade, nor should they impose burdens without an apparent benefit.

*Conclusions of law.*

1. The complainants have failed to comply with the Ordinance of July 26, 1920.

2. The complainants are illegally maintaining signs upon their premises.

3. Removal of said signs is legally justified.

4. The issuance of an injunction is refused, the bill is dismissed, complainant to pay all costs.