Clifford JASPER, d/b/a Jasper Iron & Metal Co., et al., Appellants,

v.

The COMMONWEALTH of Kentucky et al., Appellees.

Court of Appeals of Kentucky.

Feb. 11, 1964.

Luker & Luker, J. Milton Luker, London, for appellants.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Don Duff, Dept. of Highways, Paul E. Hunley, Dept. of Highways, Frankfort, for appellees.

CLAY, Commissioner.

This suit questions the constitutionality of the "Junk Yard Act" (KRS 177.905 to 177.990). The law, attacked on many grounds, was upheld by the circuit court.

The statute provides in substance as follows. The operation of an "automobile, vehicle or machinery junkyard" within 2,000 feet of the center line of any road is prohibited unless a permit is obtained from the Department of Highways. The conduct of business within the restricted area without a permit is declared to be a public nuisance. A permit may only be issued if the Commissioner of Highways is satisfied that the junk yard is effectively hidden from the view of motorists by natural or artificial screening (topography, fences, trees, plants, etc.). Where compliance by way of screening would cause hardship in the opinion of the Commissioner, the junk yard may be maintained until June 14, 1964. The Commissioner is authorized to make rules and regulations and to administer the Act. Any administrative decision, order or ruling is subject to judicial review. The permit fee is $50 and fines are imposed for violation of the law.

The first contention is that the preamble of the Act assumes the existence of circumstances which only apply to a small number of junk yards. The preamble is not the law. It is not necessary for its enactment, nor are its provisions binding. City of Elizabethtown v. Cralle, Ky., 317 S.W.2d 184. We cannot test the constitutionality of the Act by its preamble. See 11 Am.Jur. Constitutional Law, sections 142, 143, 144. In any event, the preamble recites other considerations which encompass all such junk yards.

It is next contended the legislature may not declare a legitimate business

"a public nuisance". The Act does not purport to do so. It so characterizes the business only when conducted in a particular area. What may not be a nuisance in one place may be such in another. See Brumley v. Mary Gail Coal Co., Ky., 246 S.W.2d 148.

■ It may be observed that it was unnecessary for the legislature to describe the prohibited activity as a "nuisance". This had no effect on the validity of the Act one way or another. The issue is whether the legislature may properly prohibit the operation of unscreened junk yards near Kentucky roadways. We will now examine that question, which is the principal one involved.

■ The obvious purpose of this Act is to enhance the scenic beauty of our roadways by prohibiting the maintenance of unsightly vehicle graveyards within the view of travellers thereon. While there may be a public safety interest promoted, the principal objective is based upon aesthetic considerations. Though it has been held that such considerations are not sufficient to warrant the invocation of the police power,[1] in our opinion the public welfare is not so limited. In Turner v. Peters, Ky., 327 S.W.2d 958, we recognized there could be a legitimate public interest in businesses which "offend the esthetics of the community". Other cases holding that such considerations justify the exercise of the police power are Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260; Walnut & Quince Streets Corporation v. Mills, 303 Pa. 25, 154 A. 29.

A recent case on this point is People v. Stover, 12 N.Y.2d 462, 240 N.Y.S.2d 734, 191 N.E.2d 272. The Court of Appeals of New York examined at length the development of the law on the question of whether aesthetic considerations will support the exercise of the police power. The reader is referred to that opinion for a thorough discussion of the problem and the citation of numerous authorities. The New York court, in line with modern thinking on the subject and for reasons we consider sound, held that such considerations may justify the exercise of such power.

■ The police power is as broad and comprehensive as the demands of society make necessary. Farley v. Graney, W.Va., 119 S.E.2d 833. It must keep pace with the changing concepts of public welfare. Certainly the legislature could take cognizance of the developing importance and extensive improvements of Kentucky's highway system, of the actual commercial as well as aesthetic value of our scenic beauty, and of the patently offensive character of vehicle graveyards in close proximity to such highways. We may take judicial notice of these things. Kohler v. Benckart, Ky., 252 S.W.2d 854.

■ The right to conduct a business is subordinate to the police power of the state reasonably exercised in the public interest. California State Auto. Ass'n. Inter-Ins. Bureau v. Maloney, 341 U.S. 105, 71 S.Ct. 601, 95 L.Ed. 788; Brachey v. Maupin, 277 Ky. 467, 126 S.W.2d 881, 121 A.L.R. 969; Bischoff v. Hennessy, Ky., 251 S.W.2d 582. The real question is whether in the light of current conditions the Act constitutes a reasonable regulation of appellants' business in the furtherance of a substantial public purpose.

■ The policy to be followed in promoting the public welfare is a legislative matter. If there is a legitimate basis for the policy, the courts may not question it. 11 Am.Jur., Constitutional Law, section 139 (page 815); Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S.W. 533, 47 A.L.R. 789. In our opinion there

1. City of Norris v. Bradford, 204 Tenn. 319, 321 S.W.2d 543. (City ordinance—front yard fences.)

was a real and substantial justification for adoption of some regulative policy with respect to the conduct of this kind of business enterprise. Our only other inquiry is whether the form of regulation was reasonable. Since it goes no further than to effectuate an authentic public purpose, we cannot find it arbitrary or unreasonable. Consequently we cannot say that there has been a violation of appellants' constitutional rights.[2]

 It is next contended the Act delegates legislative and judicial power to the Commissioner of Highways. It may be noted that the powers of the Commissioner relate to the issuing of permits which in effect grant exceptions to the general prohibition of the Act. This is similar to permitting nonconforming uses under zoning regulations. The "lack of standards" argument is made. We have recently considered this problem in Butler v. United Cerebral Palsy of Northern Ky., Inc., Ky., 352 S.W.2d 203, and Commonwealth v. Associated Industries of Kentucky, Ky., 370 S.W.2d 584. In the light of those cases it is apparent the authority of the Commissioner is adequately defined and restricted to safeguard appellants from the exercise of arbitrary action.

 It is last insisted that the criminal penalties of the Act are excessive, in violation of section 17 of the Kentucky Constitution. We do not find them so. The legislature certainly has the right to make its prohibitions effective. Any violations of the law almost certainly would be wilful. Fines only are imposed by way of penalty. These fines are not excessive in view of the nature of the offense and the necessity for requiring compliance with the Act.

The judgment is affirmed.

2. While appellants suggest the statute violates amendments 5 and 14 of the United States Constitution and section 13 of the Kentucky Constitution, it would appear that the Act, if invalid, would violate section 2 of the Constitution which provides: "Absolute and arbitrary power over the lives, liberty and property of free men exists nowhere in a republic, not even in the largest majority."